### TIMOTHY SULLIVAN *vs.* PATRICK SWEENEY & trustees.

A. bought goods from B. and was indebted on account therefor; B. took a partner C. and the assets and credits of B.'s business were transferred to the firm. A. gave B. & C. an assignment of his future wages, which was duly recorded, and was absolute in form, but was intended as security. A. continued to buy goods from B. & C., and they drew money under the assignment sufficient to pay for what he had bought since the firm was formed, but not before. *Held*, that the assignment was good as against a trustee process.

CONTRACT for necessaries furnished to the plaintiff for himself and his family. The Hamilton Manufacturing Company were summoned as trustees of the defendant, and answered that they owed him $39.61. Philip Caldwell and one Smith, doing busi-ness under the name of Philip Caldwell & Company, appeared as claimants, relying upon an assignment to them from the de-fendant, absolute in form, of all claims and demands which at any time between August 31, 1871, the date of the assignment, and February 3, 1872, he might have against the Hamilton Manu-facturing Company, for wages due him. The case was submitted to the judgment of the Superior Court upon the following agreed statement of facts :

" At the time of the service of the writ upon the trustees on November 2, 1871, there was due the defendant $39.61 for his personal labor and services in the employ of the trustees. An assignment of the defendant's wages to the claimants, duly re-corded in the office of the city clerk of Lowell, dated August 31, 1871, is presented by the claimants. Philip Caldwell, of the firm of Philip Caldwell & Company, the claimants, previously to July

12, 1871, was a sole trader, and furnished the defendant with goods, on account of which there were due Caldwell alone on July 12, 1871, $105.70. On said day a copartnership was formed between the claimants; the assets and credits of Caldwell were transferred to the firm of Philip Caldwell & Company, as part of the capital of the new firm; the indebtedness of the defendant was treated in like manner; the old books were used and the accounts were continued without risk; and credits for cash received in payment of old debts contracted with Caldwell alone were given generally upon the firm books of account.

" When the claimants drew money under the assignment they then added up the whole amount of the defendant's indebtedness, including the old bill due to Caldwell and the amount due for goods furnished by Philip Caldwell & Company, gave the defendant a general credit for so much cash on account as of that day and carried the balance forward. The credits for money received under the assignment are given in the accounts of Philip Caldwell & Company with the defendant for groceries, and are entered simply ' Credit by cash,' and no other appropriation of said payments has ever been made by either party.

" There was never any specific agreement between the defendant and the claimants, or either of them, relative to the indebtedness of the defendant to Caldwell alone, but the defendant continued to trade with Philip Caldwell & Company after the formation of the copartnership between Caldwell and Smith, and continued to pay money to them, or either of them, which he did not appropriate.

" On November 2, 1871, there remained due the claimants, as appears by their books of account, $108.46, exclusive of $39.61 in the trustees' hands, being an increase of $2.76 above the debt due Caldwell alone at the time of the formation of the copartnership. The amount of $108.46 is made up of the $105.70 due Caldwell on July 12, 1871, added to the amount of goods received by the defendant of Philip Caldwell & Company up to November 2, 1871, deducting therefrom the amount of cash received by Philip Caldwell & Company of the defendant up to November 2, 1871.

" A motion of the claimants to be admitted as parties to the action and to receive the funds in the hands of the trustees, by virtue of the assignment, was filed with the assignment."

The Superior Court discharged the trustees, and the plaintiff appealed.

*W. H. Bent*, for the plaintiff.

*C. R. Blaisdell*, for the claimants.

By the Court. The case discloses an assignment of the wages of the principal defendant, sought to be held by the trustee process. It was duly recorded, and its validity is not impeached on any ground. It is absolute in form. The agreed statement discloses the fact that it was intended and held as security only; but it does not disclose any limitation upon the right of the claimants to hold it for any debt in which they were interested and which became due in the course of business upon the defendant's account, continued as it was in accordance with the original purpose for which the security was given. The claimants are entitled to hold the fund for that purpose.

*Trustees discharged.*